**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
DON HAMRICK,

                                Plaintiff,

                v.                                    14-CV-176
                                                                           (MAD/CFH)

DANIELLE LYNN HAMRICK, Clerk for the Office of
the Attorney General and alleged daughter of the
Plaintiff, et al.,

                                Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                                   **OF COUNSEL:**

DON HAMRICK
Plaintiff Pro Se
No Current Address
Email: ki5ss@yahoo.com

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

Don Hamrick ("Hamrick"), plaintiff pro se, filed this complaint, along with a (1) request to proceed In Forma Pauperis ("IFP"); (2) motion to appoint counsel; (3) application to participate in CM/ECF without prepaying fees; (4) request to have the U.S. Marshals serve the summons and complaint; (5) motion to remove the case of defendant D. Hamrick versus plaintiff from Watervilet City Court into federal court; and (6) motion for preliminary injunction. Compl. (Dkt. No. 1); Dkt. Nos. 2-6, 8. Hamrick has not paid any fee relating to this action.

## I. Discussion

### A. IFP Application

Turning first to Hamrick's motion to proceed with this action IFP, after reviewing the application, the Court finds that Plaintiff may properly proceed with this matter IFP.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

The Court is foremost concerned with whether we possess the jurisdiction to entertain this suit and provide the relief sought. It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); Fed. R. Civ. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte). When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

2

Thus, we begin with a review of the Court's jurisdiction to hear this case. Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332.

## 1. Federal Question

Hamrick asserts federal question jurisdiction throughout a pleothra of federal statutes listing "28 U.S.C. § 1343 through 42 U.S.C. § 1985" and specifically enumerating statutes 42 U.S.C. §§ 1981, 1983, and 5106. Compl. at 1-2. In reading Hamrick's complaint, he contends that his alleged adult daughter has harmed him through his diagnosis of a parental alienation syndrome by terminating their father/daughter relationship and precluding him from interacting with his either of grandchildren, one of which is now deceased.

Specifically, Hamrick first seeks a paternity test to confirm whether defendant D. Hamrick is actually his daughter, as he believes that she was conceived during an adulterous relationship while he was deployed to sea by the Coast Guard. Compl. at 6-9. Hamrick next seeks damages for the intentional infliction of emotional distress, libel and slander that defendant D. Hamrick has caused based on her termination of their relationship, the initiation of an arrest warrant against Hamrick for allegedly harassing her, and her actions precluding his relationship with his grandchildren. Id. at 27-29. Hamrick has "conducted psychological experiments to observe [d]efendant [D.] Hamrick's several personality disorders," of which he has self-assessed, and contends that it is in D. Hamrick's children's "best interest to have a relationship with [their] alleged grandfather,"

3

and any actions precluding such a relationship by any and all named defendants "becomes an act of state-sanctioned child abuse and neglect without due process or justification." Id. at 29. Lastly, Hamrick contends that the remaining defendants are liable for defendant D. Hamrick's actions in allegedly inflicting emotional distress by virtue of respondeat superior. Id. at 30-31.

A review of the complaint belies Hamrick's contention that this action is covered under any federal statutes, though the undersigned will discuss the three which Hamrick has specifically enumerated in detail below. Hamrick has failed to identify any cognizable constitutional or federal right that was allegedly violated. Instead, he primarily complains of state law claims and cites to state law statutes. These complaints take the form of an emotionally vexed father who claims that his daughter is causing him ongoing distress by denying him the ability to cultivate or maintain familial relationships with either his daughter or grandchildren. Such complaints are best resolved in family court; however, this situation is further complicated by the fact that Hamrick contends he is not actually the defendant's father and the defendant is an adult in her thirties with such paternity disputes generally falling outside the realm of the family court's jurisdiction.

However, the Second Circuit has clearly enunciated a district court's obligation to read pro se complaints liberally. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). Even in liberally construing the

4

complaint, for the reasons discussed infra, dismissal is still mandated as no federal question exists.

### i. 42 U.S.C. § 1981

Section 1981 provides, in pertinent part:

> All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Unlike § 1983, a § 1981 violation is not based upon underlying constitutional violations, "but rather provides an alternative statutory remedy for violations that concern an activity enumerated in the statute." Olivera v. Town of Woodbury, 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003). To state a claim under § 1981, a plaintiff must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute [(i.e., make and enforce contracts, sue and be sued, give evidence, etc.)] . . . ." Id. (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)). Plaintiff must therefore allege facts from which a purposeful discriminatory intent can be inferred. Albert v. Carovano, 851 F.2d 561, 571-72 (2d Cir. 1988) ("Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory . . . and racially motivated . . . ."); see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania United Eng'rs & Constructors, Inc., 458 U.S. 375, 391 (1982) (noting that like Equal Protection claims, Section 1981 "can be violated only by

5

purposeful discrimination").

Hamrick has failed to include any facts which would indicate that he is a member of a racial minority, an intent to discriminate on the basis of race, or that such discrimination interfered with the elements outlined in the statute. There is absolutely nothing proffered, even when reading the complaint in the most liberal fashion, which would indicate that purposeful discrimination by any defendant occurred or could be inferred.

Even if, liberally construing the complaint, such discriminatory intent could be found, or assuming that amendments to the complaint could be made such that discriminatory intent could be alleged, it is of no matter. This is because "[t]he statute of limitations for claims brought under Sections 1981 and 1985 of the Civil Rights Act is three years." Johnson v. Nyack Hosp., 891 F. Supp. 155, 162 (S.D.N.Y. 1995) (citing inter alia Tadros v. Coleman, 898 F.2d 10, 12 (2d Cir.) cert. denied 498 U.S. 869 (1990)). Moreover, "[t]he claim accrues and the limitation period begins to run with the plaintiff has notice of the act that is claimed to have caused injury." Id. (citations omitted).

Hamrick contends that these conflicts have been in existence for over thirty years. More specifically, Hamrick complains about events which occurred in conjunction with an arrest warrant which was issued in 2010 (Compl. at 4). While the exact date is unknown, any alleged violations occurring in connection with the issuance of this warrant also fall outside of the statute of limitations period. Accordingly, amendment is futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Therefore, dismissal without amendment would be appropriate pursuant to 28

U.S.C. §§ 1915(e) and 1915A.

### ii. 42 U.S.C. § 1983

Hamrick states that he is suing under 42 U.S.C. § 1983, the Civil Rights Act, where Congress established such "a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); see also Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 n.2 (N.D.N.Y. 2007) (explaining stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights[.]") (quotation marks and citations omitted).

Such an action cannot be pursued under § 1983 for several reasons. First, Hamrick fails to state or specify the nature of his constitutional rights which were allegedly infringed upon. Second, Hamrick fails to allege that his alleged daughter, defendant D. Hamrick, acted under color of state law. D. Hamrick is a private citizen completing such actions on her own time and unrelated to her job title. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. See, e.g., Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.") (citations omitted); see also United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only Government, not private parties, a litigant claiming that his constitutional

7

rights have been violated must first establish that the challenged conduct constitutes state action.") (internal quotation marks and citations omitted). Because there are no allegations that D. Hamrick acted under color of state law with regard to interfering with Hamrick's alleged rights, a claim cannot be pursued under § 1983.

With regard to the other named defendants, Governor Andrew Cuomo, Attorney General Eric Schneiderman, Albany County District Attorney David Soares and Watervilet Chief of Police Ronald Boisvert , Hamrick contends they are guilty based upon their supervisory positions. There are no allegations against any of the remaining defendants that they were personally involved in the alleged misconduct. '[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). It is well established that a supervisor cannot be held liable for damages under § 1983 based solely upon his or her supervisory position, thus there is no respondeat superior liability pursuant to § 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which

8

> unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of [residents] by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323–24 (2d Cir. 1986)).[1]  There are no allegations in Hamrick's pleading that would support a plausible basis for a finding of liability against any of the other named defendants.

Lastly, Hamrick sues the remaining defendants in their official capacity.  The Eleventh Amendment provides immunity to states, state agencies, and state officers unless and until such immunity has been waived.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)) ("[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."); Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (explaining that Eleventh Amendment immunity extends to both states and state agencies) (citations omitted). Thus the remaining named defendants, as officers working in their official capacities, have immunity pursuant to the Eleventh Amendment which also

---

[1] Various courts in the Second Circuit have postulated how, if at all, the Iqbal decision affected the five Colon factors which were traditionally used to determine personal involvement.  Pearce v. Estate of Longo, 766 F. Supp. 2d 367, 376 (N.D.N.Y. 2011), rev'd in part on other grounds sub nom., Pearce v. Labella, 473 F. App'x 16 (2d Cir. 2012) (recognizing that several district courts in the Second Circuit have debated Iqbal's impact on the five Colon factors); Kleehammer v. Monroe Cnty., 743 F. Supp. 2d 175 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass Iqbal's muster . . . ."); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that Iqbal eliminated Colon's personal involvement standard).

bars suit. There has been no showing that immunity has been waived or that any of the named defendants have consented to suit. Therefore, dismissal without amendment would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. See Cuoco, 222 F.3d at 112.

### iii. 42 U.S.C. §§ 5101-5106

Hamrick also contends violation of the Federal Child Abuse Prevention and Treatment Act ("CAPTA"). Compl. at 2. However, none of the "provisions of CAPTA provide[] for an independent private right of action, or that an implied right of action exists pursuant to 42 U.S.C. § 1983 for a violation of this action." Ingrao v. County of Albany, No. 01-CV730, 2006 WL 2827856, at *6 (N.D.N.Y. Oct. 2, 2006) (citations omitted)[2]. Accordingly, as no private right of action is granted by this statute, Hamrick's claims should be dismissed without a leave to replead.

### 2. Diversity Jurisdiction

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Hamrick seeks damages in excess of $75,000. Compl. at 31-32.

However, Hamrick states that he "is not . . . domiciled . . . nor . . . a resident of the State of New York nor does he have a current address in any other state. The Plaintiff is barely a citizen of . . . Arkansas in the fact that the address on his Arkansas Driver's License is that of his mother's residence for the sole purposes of establishing a new residence be it in

---

[2] Any unpublished cases are attached as exhibits to this Report-Recommendation and Order.

10

Arkansas or some other state." Compl. at 2. In order to sustain diversity jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Hamrick's citizenship is determined by domicile. Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.") (citations omitted). A "[d]omicile is the place where a person has his true fixed home and principal establishment, and to which . . . he has the intention of returning." Id. (citations omitted).

Here, by Hamrick's own admissions, the Court is unable to determine his domicile for diversity of citizenship purposes. He alludes to a nomadic life, exclaiming that he is a citizen of no where, without an address or intended place of residence. "The burden is on the plaintiff to establish by a preponderance of the evidence that [the basis for diversity jurisdiction exists] . . . ." Kaufman & Broad, Inc. v. Gootrad, 397 F. Supp. 1054, 1055 (S.D.N.Y. 1975) (citations omitted). Hamrick has failed to meet his burden.

Further, "[t]he party invoking subject matter has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount [with a] bare assertion of amount in controversy . . . insufficient to establish subject matter jurisdiction based on diversity of citizenship." Semack v. 35 Hamden Hills Drive, LLC, No. 12-CV-1057 (JBA), 2013 WL 395486, at *2 (D. Conn. Jan. 13, 2013) (citations and internal quotations omitted). Hamrick has not reasonably demonstrated that at least $75,000 would be in controversy as the only concrete damages that he has alluded to are costs of car repairs and a VCR which total a few thousand dollars. While Hamrick contends in his prayer for relief that defendants collectively owe him $100,000, he fails to include any facts

11

regarding substantiation of his claims of emotional distress or other losses. Accordingly, Hamrick has also failed to meet his burden in this regard as well.

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**[3]; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3); application to participate in CM/ECF (Dkt. No. 4); and request for the U.S. Marshals to serve the summons and complaint (Dkt. No. 5) are **DISMISSED WITHOUT PREJUDICE** as moot, with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further;

**RECOMMENDED** that plaintiff's motion for the removal of a Watervilet City Court action to federal court (Dkt. No. 6) and motion for preliminary junction (Dkt. No. 8) be **DISMISSED WITHOUT PREJUDICE** as moot, with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Hamrick's complaint is **DISMISSED** for failure to establish jurisdiction and, even if the complaint could be liberally construed to cure the jurisdictional issues, state a claim. Moreover, despite the direction from the Second Circuit regarding liberally reading a pro se complaint and granting leave to amend, dismissal is still **RECOMMENDED** in light of the

---

[3] Hamrick should note that although his application to proceed IFP has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

12

discussion supra and the presently vexatious, harassing, and meritless form of Hamrick's complaint; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: March 4, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

13