**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DON HAMRICK, pro se Non-Prisoner,**

                      **Plaintiff,**

   vs.                                              **1:14-cv-00176
                                                            (MAD/CFH)**

**DANIELLE LYNN HAMRICK, Clerk for the
Office of the Attorney General and alleged daughter
of the Plaintiff; ANDREW M. CUOMO, in his
official capacity as Governor of the State of New York;
ERIC SCHNEIDERMAN, in his official capacity as the
Attorney General for the State of New York; P. DAVID
SOARES, in his official capacity as the Albany County
District Attorney; RONALD BOISVERT, in his
official capacity as Chief of Police for the City of
Watervliet, NY,**

                      **Defendants.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**DON HAMRICK**
No current Address

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se*, Don Hamrick, filed this complaint, along with (1) a request to proceed *In Forma Pauperis* ("IFP"); (2) a motion to appoint counsel; (3) an application to participate in CM/ECF without paying fees; (4) a request to have the U.S. Marshals serve the summons and complaint; (5) a motion to remove a Watervliet City Court action to federal court; and (6) a motion for preliminary injunction. *See* Dkt. No. 1.

On March 4, 2014, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting Plaintiff's IFP application, and recommending that Plaintiff's complaint be dismissed for failure to establish jurisdiction and failure to state a claim upon which relief may be granted. *See* Dkt. No. 10 at 12. The Report-Recommendation and Order also recommended that the Court dismiss Plaintiff's remaining motions as moot. *See id.*

## II. DISCUSSION

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

Magistrate Judge Hummel recommended dismissal of Plaintiff's complaint, determining that the Court lacked subject matter jurisdiction to hear this case. *See* Dkt. No. 10. Magistrate Judge Hummel found that no federal question exists as Plaintiff failed to identify any violation of his constitutional or federal rights. *See id.* at 3–5. Further, the Report-Recommendation and Order found that Plaintiff failed to establish diversity jurisdiction in this case, and that even if Plaintiff could show that the parties were in complete diversity, Plaintiff failed to reasonably demonstrate that at least $75,000 would be in controversy. *See id.* at 10–12.

2

Plaintiff objects to Magistrate Judge Hummel's recommendation, claiming that he has raised a federal question based on Defendants' alleged violations of his constitutional rights and of federal statutes. Plaintiff further objects to the Report-Recommendation and Order, arguing that complete diversity does exist in this case as Defendant lives a nomadic life outside of the State of New York.

**A.  Federal Question**

*1. 42 U.S.C. § 1981*

To state a claim under 42 U.S.C. § 1981, a plaintiff must allege the following: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute [(i.e., make and enforce contracts, sue and be sued, give evidence, etc.)] . . . ." *Olivera v. Town of Woodbury*, 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)).

Magistrate Judge Hummel found that Plaintiff "failed to include any facts which would indicate that he is a member of a racial minority, an intent to discriminate on the basis of race, or that such discrimination interfered with the elements outlined in the statute." *See* Dkt. No. 10 at 6. Magistrate Judge Hummel also stated that, even in reading the complaint very liberally, there was nothing that indicated purposeful discrimination against Plaintiff by any of the named Defendants. *See id.* Further, Magistrate Judge Hummel recommended dismissal without amendment due to the fact that even if Plaintiff could sufficiently demonstrate discriminatory intent in his complaint, it would fall outside of the three-year statute of limitations period for

section 1981 claims.  *See id.* (citing *Johnson v. Nyack Hosp.*, 891 F. Supp. 155, 162 (S.D.N.Y. 1995)).

Plaintiff objects to the recommendations regarding his section 1981 claim.  In regard to the merits of his section 1981 claim as it is currently pleaded, Plaintiff only cites to a law review article[1] which states that section 1981 applies to racial discrimination towards groups other than African Americans and discusses whether national origin discrimination claims may be brought under the section.  *See* Dkt. No. 11 at 2–3.  While this is presumably an attempt by Plaintiff to argue that he need not belong to a racial minority to bring a section 1981 claim, Plaintiff has alleged no facts from which a purposeful discriminatory intent based on his race can be inferred, as is required in a section 1981 claim.  *See Albert v. Carovano*, 851 F.2d 561, 571–72 (2d Cir. 1988) (citation omitted).

Plaintiff also objects to Magistrate Judge Hummel's determination that, due to the three-year statute of limitations, amendment would be futile in this case.  *See* Dkt. No. 13 at 5–6.  Plaintiff asserts that "[t]he 3-year statute of limitations cannot expire as long as the offending civil rights violations under 1981 . . . continue unabated."  *See id.* at 6.  Plaintiff claims that the offending civil rights violations continue "not only by Defendant Danielle Lynn Hamrick's behavior but also by the continued existence of the Watervliet City Court's Arrest Warrant . . . ."  *See id.*

The Court finds Plaintiff's arguments unpersuasive.  As Magistrate Judge Hummel noted in his Report-Recommendation and Order, "[t]he claim accrues and the limitation period begins to run when the plaintiff has notice of the act that is claimed to have caused injury."  *Johnson*, 891

---

[1] Lorilyn Chamberlin, *National Origin Discrimination Under Section 1981*, 51 FORDHAM L. REV. 919 (1983).

4

F. Supp. at 162. Here, the arrest warrant was issued in 2010. *See* Dkt. No. 1 at 4. When Plaintiff was given notice of the warrant, the statutory period began to run and the claim is now outside of the statute of limitations. For these reasons, the Court finds that Magistrate Judge Hummel was correct in determining that dismissal without amendment is appropriate with respect to Plaintiff's section 1981 claim.

### *2. 42 U.S.C. § 1983*

Plaintiff has also made a claim under 42 U.S.C. § 1983, which Congress established as "a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and law' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995). Magistrate Judge Hummel determined that this action could not be pursued under section 1983 because Plaintiff failed to state the nature of his constitutional rights which were allegedly infringed upon, and to allege that Defendant Hamrick acted under color of state law. *See* Dkt. No. 10 at 7.

Plaintiff objects to Magistrate Judge Hummel's determination, claiming that he is asserting violations of the following rights: "right to interstate travel under [the] Privileges and Immunities clause of Article IV; Due Process clause under the 5th Amendment; Due Process clause, Citizenship clause, Privileges and Immunities clause, and the Equal Protection clause of the, [sic] 14th Amendment; and the structural inference from the Constitution of the United States." *See* Dkt. No. 11 at 4. Plaintiff further argues that his complaint did allege that Defendant Hamrick acted under color of state law. Plaintiff directs the Court to part three of his complaint, which states in pertinent part:

> The Plaintiff tried to resolve the problems the Defendant Danielle
> Lynn Hamrick had caused upon the Plaintiff through telephone

5

> calls to her cellphone but most times she would ignore the calls.
> The Plaintiff tried calling the Defendant Danielle Lynn Hamrick
> through the Office of the Attorney General's "General Helpline," 1-
> 800-771-7755 until the Defendant Danielle Lynn Hamrick's
> supervisor answered the Plaintiff's call threatening the Plaintiff with
> a New York State Police criminal investigation against the Plaintiff.
> Because I attempt to resolve the False Police Report and the
> subsequent arrest warrant Defendant Danielle Lynn Hamrick's
> supervisor threat of a criminal investigation by the New York State
> Police violated the Plaintiff's civil rights on constitutional rights . . .

*See id.* at 30.

In essence, Plaintiff appears to argue that because Defendant Hamrick's supervisor at the Attorney General's office threatened him with a police investigation and an arrest warrant was later issued for Plaintiff, Defendants acted under color of state law in depriving him of his rights. However, "[t]o act under color of state law or authority for purposes of section 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (citations and internal quotations omitted). Here, if Defendant Hamrick felt that she was being harassed by Plaintiff, she was perfectly free as a private individual to seek help through law enforcement authorities. Plaintiff has failed to allege any facts suggesting that Defendant Hamrick conspired with any state actor by filing a complaint against him with the police. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) (holding that "an otherwise private person acts 'under color of' state law" only if he or she "conspir[es] with state officials to deprive another of federal rights"); *see also Gindberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("[Providing] information to a police officer does not by itself make [a defendant] a joint participant in state action under Section 1983"); *Middleton v. City of N.Y.*, No. 04–CV–1304 (JFB), 2006 WL 1720400, *8 (E.D.N.Y. June 19, 2006) (noting that providing information to the

6

police, even if false, does not indicate that a private defendant acted in concert with the state in filing complaint).

As to the other named Defendants, the Court agrees with Magistrate Judge Hummel that Plaintiff did not allege in his complaint that any of them were personally involved in the alleged misconduct. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Supervisory personnel may be considered personally involved if:

> (1) the defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of [residents] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

Plaintiff claims that his complaint satisfies the first *Colon* factor because "the defendant[s] participated in the alleged constitutional violation under Respondeat Superior . . . ." Dkt. No. 14 at 4. However, the first factor explicitly rules out liability under *respondeat superior* by requiring that the named defendant be directly involved in the alleged misconduct. The case law makes clear that there is no *respondeat superior* liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted).

The Court also agrees with Magistrate Judge Hummel that the Eleventh Amendment precludes Plaintiff from suing the remaining Defendants in their official capacities. The Eleventh Amendment provides immunity to state officers sued in their official capacities unless that immunity has been waived or when the plaintiff is seeking prospective injunctive relief; and it is clear that neither is applicable to the present matter. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 21 (1890)).

### *3. 42 U.S.C. §§ 5101–5106*

The Court also finds that Magistrate Judge Hummel was correct in determining that Plaintiff has no claim under the Federal Child Abuse Prevention and Treatment Act ("CAPTA"). This is because CAPTA does not provide for a private right of action. *See Ingrao v. Cnty. of Albany*, No. 01-CV730, 2006 WL 2827856, *6 (N.D.N.Y. Oct. 2, 2006) (citations omitted). In his objections, Plaintiff only alleges that this was error because he filed a complaint alleging "parental alienation and grandparent alienation" with the Albany County Department of Social Services, which was denied. *See* Dkt. No. 11 at 4. Plaintiff's complaint with the Albany Count Department of Social Services, however, is unrelated to the fact that Plaintiff has no private right of action under the CAPTA.

**B.  Diversity Jurisdiction**

Magistrate Judge Hummel also determined that diversity jurisdiction did not exist in this case, as Plaintiff had failed to show he was domiciled in a State other than New York in order ro establish that diversity jurisdiction exists and because Plaintiff had failed to show with a reasonable probability that the claim was in excess of the $75,000, the statutorily required

amount. *See* Dkt. No. 10 at 10–12. Plaintiff objects to this determination, arguing that having an Arkansas driver's license should be enough to establish diversity. *See* Dkt. No. 11 at 5.

However, even assuming that an out of state driver's license was sufficient to establish diversity in this case, this Court finds that Plaintiff has not demonstrated in any way that at least $75,000 would be in controversy in this case. "'A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). As Magistrate Judge Hummel noted, "the only concrete damages that he has alluded to are costs of car repairs and a VCR which total a few thousand dollars." *See* Dkt. No. 10 at 11. Plaintiff has not objected to this determination, and the Court finds that Magistrate Judge Hummel was correct in finding that Plaintiff has failed to meet his burden of proving that there is a reasonable probability that the claim is in excess of the statutory jurisdictional amount.

## III. CONCLUSION

After careful review of Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's March 4, 2014 Report-Recommendation and Order is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's pending motions are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 6, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge